UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL GRAY,

    Plaintiff,

v.                                                       Case No. 13-13434
                                                         Hon. Lawrence P. Zatkoff

EDWARD JOSEPH GRAY,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 22, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss [dkt 17]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion is GRANTED.

### II. BACKGROUND

This case arises from a 1998 Guam divorce proceeding between Plaintiff and Defendant. Plaintiff has filed numerous suits and litigated the validity of the divorce orders entered by the Guam court in multiple venues, including Michigan and Utah. The Court refers the parties to *Gray v. Gray*, 2 Fed. App'x 443 (6th Cir. 2001), for a description of the factual background in this case.

Plaintiff's instant complaint against Defendant—her former husband—appears to allege various violations of due process and equal protection under the Fourteenth Amendment. For the reasons that follow, the Court will grant Defendant's motion.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

### IV. ANALYSIS

The Fourteenth Amendment to the United States Constitution provides in pertinent part that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of

2

law . . . ." U.S. Const. Am. XIV. In order to prevail on a due process claim, "a party must have a property or liberty interest of which it is deprived by state action, as the Fourteenth Amendment 'erects no shield against merely private conduct, however discriminatory or wrongful.'" *Lucre, Inc. v. Michigan Bell Telephone Co.*, 238 Fed. App'x 18, 22, (6th Cir. 2007) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) ("[A]ction inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States.")). Here, Plaintiff's complaint tirelessly argues that Guam's divorce statutes are unconstitutional. Yet, the Court questions what involvement Defendant—a private citizen—has in enacting such laws. In any event, Plaintiff fails to allege, or establish, that Defendant is a state actor—a necessary prerequisite to bringing her constitutional claims. Accordingly, Plaintiff's constitutional claims against Defendant must fail and her complaint must be dismissed.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [dkt 17] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint [dkt 9] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Second Amended Complaint [10] is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's Motion for Sanctions [dkt 18] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Relief pursuant to Rule 60(b)(6) [dkt 22], brief in support [dkt 23], and Motion for Leave to file excess pages [dkt 24] are DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff is enjoined from filing future actions involving the same issues alleged herein without first seeking and obtaining leave of court.

Date: January 22, 2014                         s/Lawrence P. Zatkoff
                                               Hon. Lawrence P. Zatkoff

3