# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHERYL GRAY,

    Plaintiff,

v.                                            Case No. 13-13434
                                              Hon. Lawrence P. Zatkoff

EDWARD JOSEPH GRAY,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 4, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment [dkt 42]. Pursuant to E.D. Mich. LR 59.1, no response to this motion is permitted unless the Court directs otherwise. The Court has not done so here. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the following reasons, Plaintiff's motion is DENIED.

## II. BACKGROUND

This case arises from a 1998 Guam divorce proceeding between Plaintiff and Defendant. On January 22, 2014, the Court dismissed Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Specifically, the Court found Plaintiff had not established that Defendant was a state actor— a necessary prerequisite for Plaintiff to bring her constitutional claims.

Plaintiff's instant motion requests that the Court "reconsider its entire ruling" in the January 22, 2014, Opinion and Order.

### III. LEGAL STANDARD

"A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee County, TN*, 2010 WL 4781414, at *1 (6th Cir. 2010) (citation omitted).

### IV. ANALYSIS

In reviewing Plaintiff's Rule 59(e) motion, the Court finds that she has submitted only nonconsequential statements to support her contention that the January 22, 2014, Opinion and Order should be altered or amended. None of Plaintiff's statements identify or demonstrate: (1) any clear error of law relied upon by the Court, (2) any newly discovered evidence, (3) any intervening change in the controlling law, or (4) any manifest injustice that resulted from entry of judgment against her. Accordingly, Plaintiff has not met her burden of establishing a basis for the Court to grant her Rule 59(e) motion. Therefore, Plaintiff's Rule 59(e) Motion is DENIED.

### V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend Judgment [dkt 42] is DENIED.

IT IS SO ORDERED.

Date: April 4, 2014                                         s/Lawrence P. Zatkoff
                                                            Hon. Lawrence P. Zatkoff
                                                            U.S. District Judge